FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 FEB 27 A 9:27

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AMY HEIDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15CV273 ) CMH/TRJ |
| AMDOCS, INCORPORATED., | ) ) |
| Defendant, | ) ) ) |

## NOTICE OF REMOVAL

COME NOW, Defendant Amdocs Incorporated ("Defendant" or "Amdocs"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and hereby remove the action captioned *Amy Heiden v. Amdocs, Incorporated*, Case No. CL15001188, from the Circuit Court for the City of Alexandria, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division. In support of this Notice of Removal, Defendants state the following:

### BACKGROUND

1. On or about January 21, 2015, Plaintiff Amy Heiden ("Plaintiff" or "Heiden") filed a Complaint against Defendant in the Circuit Court for the City of Alexandria, Virginia. This action was assigned Case No. CL15001188. A true and accurate copy of the Complaint and summons served upon Defendant are attached hereto as **Exhibit 1**. No other pleadings have been filed in this action.

2. Amdocs was served with a summons and a copy of the Complaint on February 11, 2015.

6119431.5

3. In the Complaint, Plaintiff claims that Amdocs "failed to compensate Heiden comparable to employees who are of the opposite sex, work in the same 'establishment' as Heiden, perform work equal to the work performed by Heiden, and retain positions that required equal skill, effort, responsibility and is performed under similar conditions as compared to Heiden." (Complaint ¶ 59).

4. Plaintiff asserts that the alleged disparity in pay was discrimination on the basis of sex in violation of the Equal Pay Act of 1963, 29 U.S.C § 206(d). (Complaint ¶¶ 50-65).

## FEDERAL QUESTION

5. Federal question jurisdiction under 28 U.S.C. § 1331 confers original jurisdiction of all civil actions "arising under" the law of the United States and removal is proper if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

6. Plaintiff claims that Amdocs compensated her male colleagues at a higher rate than her in violation of Equal Pay Act of 1963, 29 U.S.C § 206(d)—a federal law.

7. Federal jurisdiction exists, therefore, because a federal question is presented on the face of Plaintiff's well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, Plaintiff's claim is removable under 28 U.S.C. § 1331. *See e.g. Bell-Holcombe v. Ki, LLC*, 582 F. Supp. 2d 761, 762 (E.D. Va. 2008); *Boyd v. Rubbermaid Commercial Products, Inc.*, No. CIV. A. 91-083-H, 1993 WL 181325, at *1 (W.D. Va. May 25, 1993).

## DIVERSITY JURISDICTION

8. Diversity jurisdiction over Plaintiff's Complaint exists under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and because diversity of citizenship exists between the parties.

9. Plaintiff alleges that she is a citizen of the State of Virginia. (Complaint ¶ 5).

10. Amdocs, Incorporated is a citizen of the State of Delaware and the State of Missouri, as it is incorporated in Delaware and has its principal place of business in St. Louis, Missouri.

11. The Complaint does not specify the amount in controversy; however, Plaintiff seeks, *inter alia*, equitable relief (a promotion), economic damages including front and back pay, liquidated damages, compensatory damages, attorney's fees and any other relief that the Court deems just and equitable. (Complaint ¶¶ 65, Prayer for Relief).

12. "When a complaint does not allege a specific amount of damages…[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 452, 460-61 (D. Md. 2013) (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998).

13. Without admitting any liability and denying the same; Defendant is informed, believes, and alleges, for the purpose of the removal of this action, that the amount in controversy in this action as claimed by Plaintiff exceeds $75,000.

14. Plaintiff seeks back pay and front pay, adjusting her salary ($112,800 as of July 2013 and $116,500 as of July 2014) to a rate that is "substantially higher." (Complaint ¶¶ 26, 28, 63-64). Plaintiff also seeks attorney's fees, liquidated damages, and a promotion.

15. The aggregate value of the damages from Plaintiff's claims, therefore, is in excess of $75,000, causing the jurisdictional minimum amount in controversy requirement of 28 U.S.C. §1332 to be satisfied.

16. Diversity jurisdiction over Plaintiff's state court action exists in this Court under 28 U.S.C. §1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between the parties.

## REMOVAL IS TIMELY

17. Plaintiff filed this action in the Circuit Court for the City of Alexandria, Virginia on or about January 21, 2015. Amdocs was served on February 11, 2015.

18. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446, because it was filed within 30 days of Defendant being served with the Complaint and Summons.

19. This action is not an action described in 28 U.S.C. § 1445.

20. This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending.

21. Contemporaneously herewith, Defendant has provided Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

22. Pursuant to the requirements of 28 U.S.C. § 1446(d), Defendant files a copy of this Notice of removal with the Clerk of the Circuit Court for the City of Alexandria, Virginia.

23. By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it.

24. Defendant has given the undersigned attorneys authority to sign and file this Notice of Removal.

WHEREFORE, Defendant Amdocs Incorporated respectfully requests that the action captioned *Amy Heiden v. Amdocs, Incorporated*, Case No. CL15001188, pending in the Circuit Court for the City of Alexandria, Virginia, be removed to this Court, and that this Court exercise its subject matter jurisdiction over this action, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Deona D. DeClue

Deona T. DeClue, VA – 85933
Laura Jordan
Suite 600
1909 K Street, N.W.
Washington, D.C. 20006-1167
202-585-6900
FAX 202-585-6969
ddeclue@thompsoncoburn.com

*Attorney for Defendant
Amdocs, Incorporated*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served Plaintiff with a true and correct copy of the foregoing **NOTICE OF REMOVAL** by depositing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Adam Augustine Carter, Esq.
R. Scott Oswald, Esq.
The Employment Law Group, P.C.
888 17th Street, NW, 9th Floor
Washington, D.C. 20006

This 27th day of February, 2015.

*[signature]*